UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RALPH P.,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. ED CV 19-00979-DFM<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Ralph P. ("Plaintiff") applied for Disability Insurance Benefits on February 17, 2016, alleging disability beginning December 7, 2015. See Dkt. 1, Administrative Record ("AR") 170-71, 205-06.[2] After being denied initially and on reconsideration, see AR 94-101, Plaintiff requested and received a

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

hearing before an Administrative Law Judge ("ALJ") on July 26, 2018, see AR 28-72, 106-07.

The ALJ issued an unfavorable decision on August 30, 2018. See AR 12-24. The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. See AR 17. At step two, the ALJ determined that Plaintiff had the severe impairments of "dysfunction/major joint, right leg; gout; osteoarthritis, bilateral hips; degeneration in the lumbar and cervical spine; syringomyelia of the thoracic spine; and issues with his left ankle and foot." AR 18. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See id.

Before reaching step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with some limitations. See id. At step four, the ALJ determined that Plaintiff was unable to perform his past relevant work. See AR 22. At step five, the ALJ determined that Plaintiff could perform jobs that exist in significant numbers in the national economy, including the unskilled, sedentary positions of bench hand assembler (DOT 715.684-026), table worker (DOT 739.687-182), and surveillance monitor (DOT 379.367-010). See AR 22-23. Accordingly, the ALJ denied benefits. See AR 23-24.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-6. This action followed. See Dkt. 1.

## II.   LEGAL STANDARD

A district court will set aside a denial of Social Security benefits only when the ALJ decision is "based on legal error or not supported by substantial

evidence in the record." Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1035 (9th Cir. 2003). "Substantial evidence means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citations and internal quotation marks omitted).

### III. DISCUSSION

The parties dispute whether the ALJ erred in assessing Plaintiff's RFC and subjective symptom testimony. See Dkt. 21, Joint Stipulation ("JS") at 4.

### A. RFC Determination

The ALJ found that Plaintiff had the RFC to perform light work except "stand and/or walk for two hours out of an eight hour workday and sitting for up to six hours in an eight hour workday; and requires the use of a cane for walking distances over 20 feet." AR 18. Plaintiff argues that in determining the RFC, the ALJ "omitted and/or mischaracterized" the medical evidence. JS at 8. The Commissioner responds that the ALJ properly took into account those limitations for which there was record support after evaluating the record as a whole. See JS at 8-12.

The RFC "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must assess a claimant's RFC "based on all the relevant medical evidence and other evidence." Id. § 404.1545(a)(3). It is ultimately an administrative finding reserved to the Commissioner. See id. § 404.1527(d)(2) ("[T]he final responsibility for deciding [your RFC] is reserved to the Commissioner.").

Here, the ALJ provided a detailed review of the medical evidence, and gave "great weight" to the opinions of consultative examiner Dr. John Sedgh and the two State agency reviewing physicians, all of whom opined that Plaintiff was limited to light exertional work with the standing/walking/sitting

3

limitations that the ALJ ultimately adopted. See AR 18-22, 78-79, 88-89, 463-64. On examination, Dr. Sedgh found: (1) no evidence of muscle spasm, tenderness, inflammation, or deformity in Plaintiff's cervical spine, lumbar spine, and upper extremities; (2) a range of motion within normal limits; and (3) negative results on straight leg raising tests. See AR 461-62. Although there was evidence of "severe atrophy" of the right leg, Plaintiff's hips, knees, and left ankle showed no evidence of inflammation or deformity and indicated range of motion within normal limits. See AR 462. Neurological examination revealed that Plaintiff had "good tone throughout with good active motion," with "4/5" strength in the right lower extremity and "2/5" strength in the distal muscle groups. Id. Plaintiff's gait was moderately antalgic with the use of an ankle brace on the right side. See AR 463. Dr. Sedgh's opinion alone constitutes substantial evidence in support of the ALJ's RFC because it was based "on his own independent examination" of Plaintiff. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

 Plaintiff does not contest the opinions of Dr. Sedgh or the State agency physicians. Instead, Plaintiff summarizes the medical evidence and concludes, without any development or analysis, that he is incapable of doing anything resembling light work. But Plaintiff fails to show that any other credited opinion supports a finding for a more restrictive RFC than fashioned by the ALJ. See Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993) (holding that substantial evidence supported non-disability finding where "[n]one of the doctors who examined [claimant] expressed the opinion that he was totally disabled.").

 Moreover, the ALJ extensively considered and discussed the objective medical evidence pertaining to Plaintiff's impairments. See AR 20 (discussing X-ray of cervical spine), id. (X-rays of left knee and left foot), id. (MRI of left ankle), id. at 21 (X-rays of bilateral hips and lumbar spine), id. (NCV/EMG),

id. (MRIs of lumbar and cervical spine), id. at 22 (MRI of thoracic spine), id. at 20-22 (examination findings for various medical conditions). Plaintiff does not otherwise detail what physical limitations follow from the medical evidence besides the limitations already listed in the RFC. See Valentine v. Comm'r SSA, 574 F.3d 685, 692 & n.2 (2009) ("We reject any invitation to find that the ALJ failed to account for [claimant's] injuries in some unspecified way."). At best, Plaintiff has simply offered another interpretation of the medical evidence. But where, as here, the medical evidence is susceptible to more than one rational interpretation, the ALJ's decision "should be upheld." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (internal quotation marks omitted).

Substantial evidence thus supports the ALJ's RFC determination.

**B.** **Subjective Symptom Testimony**

Plaintiff also contends that the ALJ failed to properly consider his subjective statements of record and testimony. See JS at 12-15.

Plaintiff testified to severe and chronic pain, back and hip issues, gout, drop foot, and carpal tunnel syndrome. He described having numbness in his hands and feet, as well as problems with walking and standing due to inflammation in his lower extremities. Plaintiff reported lying down in bed about six hours a day, that he could walk about 20 feet without using a cane, and that, if pushed, he could go about two hours without lying down. He stated he could drive, take care of personal tasks, watch television, and walk around the house. On an Exertion Questionnaire, Plaintiff reported having constant pain throughout the day and night but that he could do some yard work, shop for groceries with his wife, and walk about half a mile. See AR 214-16. He reported frequently using a leg brace and cane, and sometimes using a wheelchair to get around on bad days. See AR 216.

The ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 19. Where, as here, there is no evidence of malingering, "the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Comm'r of SSA, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Id. "In this regard, questions of credibility and resolutions of conflicts in the testimony are functions solely of the Secretary." Id.

The ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony. The ALJ pointed to specific evidence in the record in identifying what testimony was not credible and what evidence undermined Plaintiff's complaint. For example, the ALJ noted that, contrary to Plaintiff's claim of debilitating physical symptoms that failed to improve, his treatment was limited to using a brace, cane, over-the-counter medications, and rest, which had been generally successful in controlling his symptoms. See AR 19. Indeed, various treatment notes show that Plaintiff's complaints were alleviated with over-the-counter NSAIDS and rest. See, e.g., AR 399 ("There is no night pain noted. There is no rest pain noted. . . . Alleviating factors: OTC NSAIDS and rest."). Evidence of Plaintiff's conservative and routine treatment is sufficient to discount his testimony regarding the severity of his impairments. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007).

Plaintiff responds that he has received "at least one steroid injection into his cervical spine as early as February 26, 2015." AR 15. But this injection occurred before his alleged onset date of December 17, 2015. See AR 17. After that, Plaintiff's treatment records show a generally conservative course of

action, with more aggressive treatments, such as opioids, not prescribed until April 2017. See AR 380 (January 6, 2016, recommending "conservative management" and "[r]echeck as needed"), 422 (February 10, 2016, recommending "left ankle elastic wrap"), 501 (April 12, 2017, prescribing Norco).

The ALJ also commented on inconsistencies between Plaintiff's testimony that he spent six hours a day in bed and his activities of daily living, including evidence that Plaintiff was able to drive around town, go grocery shopping, do some yard work, and participate in his hobby of collecting toy cars. See AR 19. For example, although Plaintiff testified he is unable to carry anything, see AR 44 ("I wouldn't be able to carry stuff because I've got to use my cane"), he wrote that could lift trash bags, groceries, and small items, as well as carry a water jug and his grandchild, see AR 215. He also testified that he was bed virtually all day, see AR 42, but wrote that he could walk half a mile and drive for thirty minutes before getting tired, see AR 215. This is an additional clear and convincing reason for discrediting Plaintiff's testimony. See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (holding that ALJ may consider "inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct" and "whether the claimant engages in daily activities inconsistent with the alleged symptoms") (citations omitted).

Plaintiff's conservative treatment history and the inconsistency of his own statements and testimony were clear and convincing reasons for the ALJ's discounting of Plaintiff's subjective symptom testimony. A different ALJ may have found Plaintiff more credible or weighed the evidence differently, but this Court "may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). Remand is not warranted on this claim of error.

## IV. CONCLUSION

The decision is the Social Security Commission is affirmed and this case is dismissed with prejudice.

IT IS SO ORDERED.

Date: May 6, 2020

DOUGLAS F. McCORMICK
United States Magistrate Judge